UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| TAVON R. WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV417-195 |
| | ) | |
| CITY OF SAVANNAH; | ) | |
| DET. KEVIN FIKES, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Proceeding *pro se* and *in forma pauperis,* plaintiff Tavon Wright has initiated this 42 U.S.C. § 1983 civil rights action alleging potential claims for unlawful arrest and malicious prosecution. *See* Doc. 1. The Court preliminarily screened his Complaint and ordered Wright to provide it with more information about whether his arrest was made pursuant to a warrant and the actual timeline of events surrounding his arrest and legal process. Doc. 3-1. The Court subsequently recommended that the case be dismissed for Wright's failure to amend his pleading by the deadline the Court had imposed. Doc. 4. Soon after, Wright filed his Amended Complaint. Doc. 5. Because Wright has amended his pleading, the Court hereby **VACATES** its Report and

Recommendation issued January 25, 2018, doc. 4, in which it recommended that the case be dismissed for Wright's failure to amend.

In response to the Court's original clarification Order, Wright states only that Detective Fikes arrested him without probable cause but does not provide any of the additional facts needed, such as whether it was a warrantless arrest. Doc. 5. This is still *not enough information*. The Court will give him one final chance.

Wright must file a Second Amended Complaint specifically setting forth the following:

(1) a short, plain description of the arrest and whether it was made pursuant to a warrant, and if so, provide the details for that warrant -- for instance, tell the Court what the warrant allowed and sought; and

(2) a short, separate summary of the actual timeline of events surrounding the arrest and the court case that was ultimately dismissed -- in other words, tell the Court what the legal process entailed, when the charges were brought against him, when he made his initial appearance to answer for those charges, and when they were dismissed.

To that end, Wright is reminded that his Second Amended Complaint will supersede both his original Complaint, doc. 1, *and* his Amended Complaint, doc. 5, which means his Second Amended Complaint must be complete in itself. *See Malowney v. Fed. Collection Deposit Grp*, 193 F.3d 1342, 1345 n. 1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint"); *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n.6 (11th Cir. 1982) ("As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading"). Once he files a Second Amended Complaint, his original Complaint, doc. 1, and his Amended Complaint, doc. 5, will no longer serve any function in this case other than establishing a filing-date benchmark.

Also, Wright is again reminded that to the extent he believes that the City of Savannah is responsible as Detective Fike's employer, such claims against local governments, government officials, or supervisors brought pursuant to § 1983 cannot be based upon theories of *respondeat superior* or vicarious liability. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658,

691 (1978); *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990). That is, a governmental entity cannot be held liable simply because it employs a tortfeasor.

The Court will not give Wright any more chances to provide the information requested. If he fails to file a Second Amended Complaint that fully answers the two basic requirements set forth above *within 14 days* from the date this Order is served, the Court will recommend that the Complaint be dismissed.

**SO ORDERED,** this 23rd day of March, 2018.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA