## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

TAVON R. WRIGHT,       )
                          )
      Plaintiff,      )
                          )
v.                    )      CV417-195
                          )
CITY OF SAVANNAH;     )
DET. KEVIN FIKES,      )
                          )
      Defendants.   )

FILED
Scott L. Poff, Clerk
United States District Court

By jburrell at 1:26 pm, Oct 22, 2018

## <u>ORDER AND REPORT AND RECOMMENDATION</u>

Proceeding *pro se* and *in forma pauperis,* plaintiff Tavon Wright commenced this 42 U.S.C. § 1983 civil rights action alleging claims for unlawful arrest and malicious prosecution. *See* Doc. 1. After two rounds of preliminary screening pursuant to 28 U.S.C. § 1915A, which requires the immediate dismissal of any *pro se* complaint that fails to state at least one actionable claim against a governmental entity or official, Wright has timely filed his Second Amended Complaint. Doc. 8.

### I.  BACKGROUND

When Detective Kevin Fikes filed an affidavit in support of his application for an arrest warrant, he attested that Wright had committed aggravated assault. Wright claims that was a knowing and willful lie --

rather, Wright explains, he was *victim* of an assault.  *Id*. at 4, 13-16; *see* doc. 8-1 at 1-2.  Fikes lied, he alleges, despite knowing that Wright had previously passed a gun powder residue test and had identified the (purportedly) correct shooter in a line-up.  Doc. 8 at 4, 13-16.  Thus, he argues, Fikes arrested him "without probable cause or evidence" and unlawfully seized his pistol.  *Id*. at 4, 10, 14-15.

As a result, Wright was confined in jail for seven days on a charge of aggravated assault and, during his confinement, experienced distressing conditions.  *Id*. at 4-5, 16; doc. 8-1 at 3-5.  Wright further alleges that his criminal case has been dismissed, and yet Fikes refused to return his property.  Doc. 8 at 4-5, 7-8, 15, 18; doc. 8-1 at 3-4.  He seeks $30,000,000 for his "[p]ain and suffering through emotional stress from the entire incident even until today," the $400 that "was paid to bail [him] out" of jail, and the return of his personal property.  *See* doc. 8 at 4-5.

## II.   ANALYSIS[1]

Liberally construed, plaintiff alleges that Detective Fikes and the

---

[1]    *See Gilbert v. Daniels*, 624 F. App'x 716, 717 (11th Cir. 2015) ("We liberally construe the pleadings of *pro se* parties. . . .") (citing *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014)).

City of Savannah are liable for false arrest and malicious prosecution, as well as the constitutionally deficient conditions of Wright's confinement. All but one of these claims fail.

As an initial matter, Wright's allegations cannot give rise to any claim for false arrest. Wright admits he was arrested pursuant to a warrant prior to being taken into custody. It is well-settled that a Fourth Amendment unreasonable seizure claim is most closely analogous to the common law tort of malicious prosecution when the seizure is effected pursuant to an arrest warrant. *Whiting v. Traylor*, 85 F.3d 581, 585 (11th Cir. 1996); *see Carter v. Gore*, 557 F. App'x 904, 906 (11th Cir. 2014) (per curiam) ("The issuance of a warrant -- even an invalid one [ ] -- constitutes legal process, and thus, where an individual has been arrested pursuant to a warrant, his claim is for malicious prosecution rather than false arrest."). Regardless of the validity of the warrant, therefore, Wright's allegations therefore support *only* a § 1983 malicious prosecution claim. In other words, he has no false arrest claim. *See Kelly v. Curtis*, 21 F.3d 1544, 1553-54 (11th Cir. 1994) (treating as malicious prosecution claim an allegation that detectives should have known that affidavit for arrest warrant failed to establish probable

cause).  Because Wright was arrested pursuant to a warrant, his claim for false arrest should be **DISMISSED**.

Next, Wright contends that both Detective Fikes and the City of Savannah are liable for malicious prosecution.  *See* doc. 8 at 4-5. Malicious prosecution is a violation of the Fourth Amendment and a cognizable § 1983 claim.  *Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003); *Whiting v. Taylor*, 85 F.3d 581, 585 & n. 5 (11th Cir. 1996).  The constitutional tort of malicious prosecution requires a plaintiff to show (1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; (4) caused damage to him; and (5) violated his Fourth Amendment right to be free from unreasonable seizures.  *Wood*, 323 F.3d at 881-82; *see Kingsland v. City of Miami*, 382 F.3d 1220, 1234 (11th Cir. 2004).  Plaintiff does not meet his factual pleading burden.

Wright contends the City "issued" the arrest warrant "with no probable cause and no evidence" and is liable "through the hiring of Det. Fikes."  Doc. 8 at 4, 15, 17.  Despite the Court's prior two Orders reminding Wright that a governmental entity cannot be held liable

4

simply because it employs a tortfeasor, docs. 3-1 & 7, Wright again hangs his argument on the City's responsibility as Detective Fike's employer. This is insufficient. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (claims under § 1983 cannot be based on theories of vicarious liability or respondeat superior). Even taken as true,[2] Wright's allegation that Detective Fikes lied under oath and arrested him without probable cause does nothing to implicate the City. *See Shelby v. City of Atlanta*, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984).[3] Wright's malicious prosecution claim against the City of Savannah thus should also be **DISMISSED**.

---

[2]   Because the Court applies Fed. R. Civ. P. 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), it must take as true Wright's allegations and construe them in the light most favorable to him. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011).

[3]   To impose liability on a municipal entity, like the City, a plaintiff must allege "(1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). Wright does not allege *any* City custom or policy related to the invalid issuance and processing of warrants. Nor has Wright asserted that the City ordered (or even knew of) any unlawful act related to the purported malicious prosecution. Instead, for instance, Wright attempts to establish liability because he claims the City was negligent when it "issued the warrant," doc. 8 at 17. As stated above, however, a municipality cannot be held liable on a theory of respondeat superior. *E.g., Snow ex rel. Snow v. City of Citronelle, AL*, 420 F.3d 1262, 1270 (11th Cir. 2005). Contrary to Wright's allegation, the warrant for his arrest was not issued by "the City," but by the Recorder's Court of Chatham County. *See* doc. 8 at 11. Thus, even leaving aside that the Recorder's Court judge is immune from suit, *Wilson v. Probate Court, County of Emanuel, Georgia*, 2013 WL 4458526 at * 1 (S.D. Ga. Aug. 19, 2013) ("And since the judge can't be sued, neither can his perceived employer, the County."), that judge's issuance of the warrant does nothing for Wright's case against the City.

Wright does, however, alleges enough facts to support a malicious prosecution claim against Detective Fikes.  Wright contends that he was seized pursuant to legal process and that Detective Fikes knowingly lied under oath in his arrest warrant affidavit to manufacture probable cause for the institution of that legal process.  Doc. 8 at 4, 13-16.  That type of deliberate misrepresentation implies malice and is enough, taken as true, to survive screening and warrant a response.  *See Stefani v. City of Grovetown*, 2016 WL 4611575 at * 6 (S.D. Ga. Sept. 2, 2016) (noting malice element of § 1983 malicious prosecution can "be inferred if: (1) defendant's acts were wanton; (2) were done with a reckless disregard for or conscious indifference to the rights of the plaintiff; or (3) from the want of probable cause.").  Finally, Wright alleges that his criminal proceeding terminated in his favor (it was, after all, dismissed), an essential element of malicious prosecution.  *Wood*, 323 F.3d at 881; *see* doc. 8 at 4-5, 7-8, 15, 18.  Accordingly, Wright's claim for malicious prosecution against Detective Fikes should be allowed to proceed.

Lastly, Wright claims he was subjected to deficient jail conditions, presumably in violation of his Eighth Amendment rights.  *See id*. at 5,

16.[4]   Without identifying the jail or specifying any jailor-defendant, Wright states he was "stripped naked," "refused food and water while locked up," "denied the bathroom," and "put on suicide watch for 6 days." *Id*. at 5.   He does not explain how either Detective Fikes or the City of Savannah are responsible for his unacceptable state, but only complains about the general conditions of his confinement.   Claims under § 1983, however, cannot be based on theories of vicarious liability or respondeat superior.   *Supra; see also Polk County*, 454 U.S. at 325. There must be personal participation or a causal connection between some identified official's acts or omissions and the alleged constitutional violation.   *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990); *Bowens v. Sikes*, 2017 WL 486266, at *2 (S.D. Ga. Jan. 4, 2017); *see also McDowell*, 392 F.3d at 1289 (for municipal defendants, "[i]t is only when the 'execution of the government's policy or custom . . . inflects the injury' that the municipality may be held liable.").   In the absence of *any* allegations against Detective Fikes or the City of Savannah, Wright's conditions of confinement claim also should be **DISMISSED**.

---

[4]   As pled, his allegations regarding the conditions of his confinement are so unrelated to his pre-incarceration wrongful prosecution claims as to warrant treatment in a separate suit.  For the purposes of judicial economy, however, the Court will address them here.

## III.  CONCLUSION

The  Court  **RECOMMENDS**  that  the  City  of  Savannah  be **DISMISSED**  from  the  action  entirely,  and  **RECOMMENDS**  that Wright's  false  arrest  and  conditions  of  confinement  claims  against Detective  Fikes  be  **DISMISSED**  for  failure  to  state  a  claim.   The  Clerk, however,  is  **DIRECTED**  to  forward  a  copy  of  this  Order  along  with Wright's  Second  Amended  Complaint  to  the  Marshal  for  service  upon Detective  Fikes  so  that  he  may  respond  to  his  malicious  prosecution claim.

This  R&R  is  submitted  to  the  district  judge  assigned  to  this  action, pursuant  to  28  U.S.C.  §  636(b)(1)(B)  and  this  Court's  Local  Rule  72.3. Within  14  days  of  service,  any  party  may  file  written  objections  to  this R&R  with  the  Court  and  serve  a  copy  on  all  parties.   The  document should  be  captioned  "Objections  to  Magistrate  Judge's  Report  and Recommendations."   Any  request  for  additional  time  to  file  objections should  be  filed  with  the  Clerk  for  consideration  by  the  assigned  district judge.

After  the  objections  period  has  ended,  the  Clerk  shall  submit  this R&R  together  with  any  objections  to  the  assigned  district  judge.   The

district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

   **SO REPORTED AND RECOMMENDED,** this  22nd   day of October, 2018.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA