# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| TAVON R. WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV417-195 |
| | ) | |
| CITY OF SAVANNAH, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Tavon Wright filed this 42 U.S.C. § 1983 action against several defendants, including Savannah Police detective Kevin Fikes. Doc. 1. The Court recommended dismissal of most of Wright's claims, but permitted his claim against Detective Fikes for malicious prosecution to be served. *See* doc. 10, adopted doc. 13. Detective Fikes waived personal service. Doc. 11 at 2. He filed no responsive pleading and the Clerk entered default. Doc. 14. Despite the Clerk's entry of default, Wright did not move for a default judgment. The Court, therefore, directed him to file such a motion. Doc. 16. He has responded to that Order. Doc. 17.

1

The Federal Rules of Civil Procedure permit entry of a default judgment against a defendant without Court intervention, "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). In all other cases, the Court must conduct a hearing to, among other things, determine the amount of damages. Fed. R. Civ. P. 55(b)(2)(B). "[B]efore entering a default *judgment* for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007).

Even where the well-pleaded facts in a complaint are sufficient to establish liability, damages that cannot be mathematically calculated, *i.e.,* emotional distress damages or punitive damages, still require support. As this Court has explained:

> Even where the Court finds that default judgment [as to liability] is appropriate, it must make certain 'that there is a legitimate basis for any damage award it enters.' *Anheuser-Busch, Inc. v. Philopt*, 317 F.3d 1264, 1266 (11th Cir. 2003); *see also Faria V. Lima Inv. Sols., LLC*, . . . 2019 WL 3044033, at * 2 (M.D. Fla. June 24, 2019), *report and recommendation*

> *adopted*, . . . 2019 WL 3037796 (M.D. Fla. July 11, 2019) ("Unlike well-pleaded allegations of fact, allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages."). Further, as the Eleventh Circuit Court of Appeals explained, 'despite Rule 55's permissive language, judgement of default awarding cash damages can not be properly entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *Organizacion Miss Am. Latina, Inc. v. Urquidi*, 712 F. App'x 945, 948 (11th Cir. 2017) (internal quotations omitted).

*Whitman v. Hinton*, 2019 WL 3776472, at * 2 (S.D. Ga. Aug. 9, 2019) (alterations omitted).

The Court has already determined that the factual allegations in the Complaint, taken as true, are sufficient to state a claim against Detective Fikes. *See* doc. 10 at 6. Wright's unsworn and wholly conclusory assertion that the appropriate damages in this case are $30,000,000.00 is completely inadequate, however. *See* doc. 17. Before a hearing on damages is scheduled, the Court will require Wright to explain his calculation of his damages and identify any supporting evidence.

Accordingly, plaintiff is **DIRECTED** to submit a response to this Order within **14 days** which explains the basis for calculating the amount of his damages. Upon filing of that response, the Clerk is

**DIRECTED** to mail a copy of that response along with a copy of this Order to defendant Fikes at 119 Westwind Drive, Pooler, GA 31322. If Fikes contests Wright's damages calculation, he may file a response in opposition within **14 days** of the Clerk's mailing. After the period for opposition, the Court will review plaintiff's submission and determine if a hearing is warranted. Any such hearing will be scheduled in a subsequent Order.

  **SO ORDERED,** this 28th day of January, 2020.

            _____
             CHRISTOPHER L. RAY
             UNITED STATES MAGISTRATE JUDGE
             SOUTHERN DISTRICT OF GEORGIA