IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| TAVON R. WRIGHT, | |
| Plaintiff, | CIVIL ACTION NO.: 4:17-cv-195 |
| v. | |
| CITY OF SAVANNAH, et al., | |
| Defendants. | |

**O R D E R**

After a careful de novo review of the entire record, the Court concurs with the Magistrate Judge's February 24, 2021 Report and Recommendation, (doc. 24), to which Plaintiff has filed objections, (doc. 25).  Plaintiff filed this case alleging various constitutional violations related to his arrest in 2016.  (Doc. 8).  The Magistrate Judge screened plaintiff's Amended Complaint and recommended dismissal of all of plaintiff's claims except a malicious prosecution claim against Defendant Kevin Fikes.  (Doc. 10).  Defendant Fikes waived personal service of the Second Amended Complaint.  (Doc. 11).  He never filed an answer and default was entered against him. (Doc. 14).  Wright then moved for default judgment against Fikes.  (Doc. 17).  The Magistrate Judge held a hearing on the motion on February 19, 2021.  (Doc. 24).  Based, in part, on evidence taken at that hearing, the Magistrate Judge recommends that a default judgement against Defendant Fikes in the amount of $40,251.00 be entered.  (Doc. 24 at 18).  Plaintiff objects to the Magistrate Judge's calculation of the amount of damages.  (Doc. 25).

The Magistrate Judge's Report and Recommendation approving the malicious prosecution claim for service recites the relevant factual background.  (*See* doc. 10 at 1-2).  Those allegations

are deemed admitted by Fikes' default. See, e.g., Laufer v. Rudra Sai, LLC, 2021 WL 261674, at * 1 (S.D. Ga. Jan. 26, 2021) (Hall, C.J.) ("[A] defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact set forth in the complaint." (internal quotation marks and citation omitted)).  Succinctly, Wright alleges that Fikes filed an affidavit in support of a warrant for Wright's arrest on a charge of aggravated assault.  (See doc. 10 at 1).  The affidavit, however, was a knowing and willful lie.  (See id. at 1-2).  Wright was arrested pursuant to the warrant and confined in jail for several days.  (See id. at 2).  While confined, Wright experienced unpleasant conditions.  (See id.).  During the arrest, Fikes also seized Wright's firearm.  (See id.).

Default judgement is properly entered, under Federal Rule of Civil Procedure 55(b), if (1) the Court has both subject matter and personal jurisdiction, (2) the allegations in the complaint state a claim against the defendant, and (3) the plaintiff shows the damages to which he is entitled. See, e.g., Laufer, 2021 WL 261674, at * 1.  The Report and Recommendation explains that subject matter jurisdiction is proper as the malicious prosecution claim arises under federal law, specifically 42 U.S.C. § 1983.  See 28 U.S.C. § 1331; (Doc. 24 at 4).  Personal jurisdiction over Defendant Fikes is established by his waiver of personal service.  See Fed. R. Civ. P. 4(k)(1)(A); (doc. 24 at 4).  The Report and Recommendation also explains that the well-pleaded facts alleged in the Second Amended Complaint, which are deemed admitted as a result of the default, state a malicious prosecution claim against Defendant Fikes.  (Doc. 24 at 4-6).

The Magistrate Judge concluded that there was insufficient factual basis in the record to establish the amount of damages Plaintiff claimed, and he held a hearing to determine it.  See Pitts ex rel. Pitts v. Seneca Sports, Inc., 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004) ("For damages, the Court can take evidence when necessary, or compute them from the facts of record."); (see

also doc. 24 at 7). "A § 1983 malicious-prosecution plaintiff's injuries may include those associated with the prosecution, but regardless, they must be caused by the unlawful seizure. Furthermore, they must be caused by the named defendants in the case." Eloy v. Guillot, 289 F. App'x 339, 245-46 (11th Cir. 2008) (internal quotation marks and citation omitted). More specifically, "an officer who secures an arrest warrant without probable cause is liable for all foreseeable injuries flowing from the officer's initial act, regardless of further involvement." Carter v. Gore, 557 F. App'x 904, 907 (11th Cir. 2014) (citations omitted).

The Magistrate Judge identifies seven categories of damages Wright claimed: (1) damages arising from the conditions of Wright's confinement, (2) emotional distress damages arising from Wright's fear of individuals allegedly involved in the circumstances that led to his arrest, (3) Wright's homelessness following his release from detention, (4) damages for the violation of Wright's Fourth Amendment rights, (5) damages arising from his loss of liberty while detained; (6) damages for the loss of his personal property, *i.e.* the seized firearm, and (7) general emotional distress damages. (See doc. 24 at 10). The Magistrate Judge concludes that Wright had failed to establish that the conditions of his confinement, Wright's fear of third-parties, and his homelessness were sufficiently causally related to Fikes' conduct. (Id. at 10-12). He concludes, however, that Wright had established that the Fourth Amendment violation, the loss of liberty Wright suffered while detained, the loss of Wright's personal property, and general emotional distress were caused by Fikes' conduct. (See id. at 13-14). The Magistrate Judge recommends that the Court enter judgment in the amount of $1.00 for the Fourth Amendment violation, $15,000

3

for the seven-day detention, $250.00 for the loss of personal property, and $25,000 for emotional distress.  (Id. at 18).

Wright objects that the Magistrate Judge should have awarded a larger amount for the violation of his Fourth Amendment rights.  (See doc. 25 at 1).  He refers, without any citation or explanation, to "cases where the plaintiff only did 3 days and received $426[,000]." (Id.)  He also objects that he should be awarded $250,000 for "pain and suffering." (Id.)  The Court assumes that this objection is directed at the Magistrate Judge's recommendation that Wright be awarded $25,000 for emotional distress.  While the exact basis for Wright's objection is not entirely clear, it is clear that he has not supported his contention that he is entitled to an award of $30,000,000 for the violation of his Fourth Amendment rights and seven-day detention.  His objection points to no evidence that the Magistrate Judge failed to consider in reaching his conclusion.  Wright simply thinks his damages are greater than the Magistrate Judge concludes.  Given the lack of factual or legal bases for his objection to the Magistrate Judge's recommendation it is **OVERRULED**.

Moreover, having reviewed the entirety of the record in this case, the Court agrees with the Magistrate Judge's recommended damages amounts.  These amounts are supported by the evidence and are sufficient to compensate Wright for the damages caused by Fikes.  Accordingly, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation, (doc. 24), as the Opinion of the Court.  Plaintiff's motion for default judgment is **GRANTED**.  (Doc. 17).

The Clerk of Court is **DIRECTED** to enter judgment in favor of Plaintiff Tavon R. Wright against Defendant Kevin Fikes in the sum of $40,251.00.  The Clerk is further **DIRECTED** to **CLOSE** this case.

**SO ORDERED**, this 26th day of March, 2021.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA