UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| TAVON R. WRIGHT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CV417-195 |
| KEVIN FIKES | ) ) ) |
| Defendant. | ) ) |

## ORDER

The Court entered a default judgment in favor of *pro se* plaintiff Tavon R. Wright against defendant Kevin Fikes in the amount of $40,251.00. Doc. 27. Wright seeks a "writ of execution to garnish the wages of Defendant Kevin E. Fikes until all of the $40,251 dollar judgment has been relieved." Doc. 30. He states that Fikes "works for GA Port Authority of Savannah as a port officer." *Id.* at 1.

As this Court has explained before, doc. 29 at 1-2, a money judgment is enforced in a federal court by means of a writ of execution, unless the court directs otherwise. Fed. R. Civ. P. 69(a)(1). This process is governed by Rule 69(a)(1), which provides, in relevant part, that "[t]he procedure on execution—and in proceedings supplementary to and in aid

of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." *Id.* Federal Rule of Civil Procedure 64 provides that a judgment-creditor has access to "every remedy . . . available . . . under the law of [Georgia] . . . for seizing . . . property to secure satisfaction of the . . . judgment." Fed. R. Civ. P. 64(a). This specifically includes garnishment. *See* Fed. R. Civ. P. 64(b).

Accordingly, Georgia law applies in executing this Court's judgment and in garnishment proceedings, to the extent it does not conflict with federal law. *Cf. Zelaya/Capital Int'l Judgment, LLC v. Zelaya*, 769 F.3d 1296 (11th Cir. 2014) (applying Florida garnishment law to case originating in Florida district court). Georgia law sets out a process by which a plaintiff with a money judgment may institute garnishment proceedings. *See* O.C.G.A. § 18-4-1, *et seq.* It requires a formal affidavit, *see* O.C.G.A. § 18-4-3, and mandates specific information that must be included on a summons of garnishment, *see* O.C.G.A. § 18-4-7. Wright has not formally complied with the affidavit requirement, and although he provides some of the necessary information, he does not provide all of it. *See* doc. 30. Last time, the Court afforded Plaintiff an opportunity to

2

cure the defects in his filing by conducting post-judgment discovery to discover the information necessary to proceed. *See* doc. 29. This time, such an opportunity would be futile.

Plaintiff identifies Fikes' employer as the "GA Port Authority of Savannah." *See* doc. 30 at 1. This Court has explicitly found that "Georgia Ports Authority is entitled to sovereign immunity under the Eleventh Amendment to the United States Constitution." *Misener Marine Const., Inc. v. Norfolk Dredging Co.*, 2008 WL 2278132, at *8 (S.D. Ga. Mar. 28, 2008). The Eleventh Amendment protects states and "arms of the state" from being sued in federal court. *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir.2003) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977)). The Eleventh Circuit has determined that garnishment actions against Georgia state agencies are barred by this immunity. *Cassady v. Hall*, 892 F.3d 1150, 1153 (11th Cir. 2018) ("[T]he motion [for garnishment] falls within the Eleventh Amendment's embrace."). Therefore, this Court lacks jurisdiction to grant Plaintiff's motion for garnishment against the Georgia Ports Authority. *Id.* at 1155. As the Eleventh Circuit instructed in *Cassady*,

3

if Plaintiff "is entitled to a lien of garnishment, [he] must file an action in a Georgia court." *Id.* (citing O.C.G.A. § 18-4-26).

Because this Court lacks jurisdiction to grant it, Plaintiff's Motion for Writ of Garnishment is **DENIED**.  Doc. 30.

**SO ORDERED,** this 24th day of October, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA